IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| QADRIYYAH SABREEEN EL'AMIN BNT ABDULLAH BEY, | § § § § § § § § § § § § | CIVIL ACTION NO. 6:19-CV-00227-JDK |
| Plaintiff, | | |
| v. | | |
| JOSEPH HOOD, HAROLD RAPSILVER, CITY OF WELLS POLICE DEPARTMENT, C.W. WILLIAMS, | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's motion to strike Defendants' answer pursuant to Federal Rule of Civil Procedure 12(f). (Doc. No. 35.) Defendants Joseph Hood, Harold Rapsilver, C.W. Williams, and the City of Wells Police Department (collectively "Defendants") have filed a response. (Doc. No. 38.) Upon consideration of the parties' arguments, the Court **DENIES** Plaintiff's motion (Doc. No. 35).

## BACKGROUND

On May 17, 2019, Plaintiff filed this action against Defendants complaining of numerous constitutional violations and torts arising from a traffic stop in the City of Wells, Texas. (Doc. No. 1.) Thereafter, the Court ordered Plaintiff to amend her complaint to comply with Rule 8 of the Federal Rules of Civil Procedure. (Doc. No. 6.) On June 24, 2019, Plaintiff filed her amended complaint and the Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. Nos. 10, 11.) Plaintiff then requested that the Court order the U.S. Marshal Service to serve Defendants and the Court granted that request. (Doc. Nos. 13, 15.) Summons were returned executed with

1

service as to Defendants Joseph Hood, C.W. Williams, and the City of Wells Police Department on July 15, 2019. (Doc. Nos. 19, 20, 23.) Answers as to those Defendants were due on August 5, 2019. *See id*; Fed.R.Civ.P. 12(a)(1)(A)(i). Summons was returned as to Defendant Harold Rapsilver on August 12, 2019, with service on August 7, 2019, and an answer due on August 28, 2019. (Doc. No. 29.) On August 8, 2019, Plaintiff filed a request for Clerk's entry of default as to Defendants Hood, Williams, and the City of Wells Police Department. (Doc. No. 24.) However, Plaintiff failed to attach the required affidavit in support of her request and was therefore instructed by the Clerk to refile her request with the proper attachments. Thereafter, on August 15, 2019, all Defendants filed an answer in this case. (Doc. No. 30.) Plaintiff then renewed her requests for default (Doc. Nos. 31, 32, 33), and filed the instant motion to strike Defendant's answer (Doc. No. 35). Defendants filed a response to the motion (Doc. No. 38), along with a motion for leave to file their answer out of time (Doc. No. 39).

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike are generally disfavored. *U.S. v. Conley*, 689 F.3d 365 (5th Cir. 2012). Courts possess considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. *Id.* If there is any question as to whether the allegations may be relevant to the action, courts err on the side of permitting the allegations to stand. CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE §1382 (3d ed.).

## DISCUSSION

As noted above, Rule 12(f) provides a mechanism to strike pleadings where they are "redundant, immaterial, impertinent, or [contain] scandalous matter." Fed.R.Civ.P. 12(f). Here, Plaintiff does not contend that Defendants' allegations are redundant, immaterial, impertinent, or contain any scandalous matter. Rather, Plaintiff wishes to strike Defendants' answer as untimely. (Doc. No. 35.) Plaintiff cites to *DirectTV v. Young* to support the contention that a court may strike an answer under Rule 12(f) for being untimely. *See* Doc. No. 35, citing 195 F.App'x. 212, 215 (5th Cir. 2006). *DirectTV* differs both substantively and procedurally from the instant action.

In *DirectTV,* the court determined that defendant's failure to file an answer or otherwise respond to plaintiff was *willful* given his repeated failures to communicate with plaintiff's counsel, respond to settlement demands, respond to notices that plaintiff would proceed with default, seek an attorney, ask for more time, file an answer, or respond to plaintiff's request for default. *DirectTV*, 195 F.App'x. at 215. Here, three of the four defendants filed their answer a mere 10 days late.[1] At this time, there was no live request for default pending on the docket. As discussed above, Plaintiff's original request was stricken by the Clerk for failure to contain the proper documentation, and Plaintiff's renewed requests were not filed until a day after Defendants filed their answer. (Doc. Nos. 30, 31, 32, 33.) Thus, unlike *DirectTV*, there had not been multiple failures to respond and there was no pending request for default or motion for default judgment that Defendants also failed to respond to. Indeed, since filing an answer, Defendants have filed a response to the instant motion to strike, requested leave of court, and have otherwise been responsive in this action. (Doc. Nos. 38, 39.) Moreover, unlike *DirectTV* where defendant did not file an answer or otherwise respond until nearly 10 months after an

---

[1] As noted above, Defendant Rapsilver's answer was not due until August 28, 2019 and thus his answer filed on August 15, 2019 was timely. (Doc. Nos. 29, 30.)

3

answer was due, here, three of the four Defendants filed an answer only 10 days late, and one Defendant's answer was timely. (Doc. No. 30.)

Further, rather than exhibiting willful neglect or refusal to participate in this action, it appears that Defendants' answer was slightly untimely due to a miscommunication and late retention of counsel. (Doc. No. 39.) While Defendants could have initially sought leave of Court with an explanation for why their answer should be allowed out of time, Defendants have now done so and are otherwise responsive in this action. (Doc. No. 39.) For these reasons, the Court does not find that the provisions of 12(f) warrant striking the answer in this instance. Moreover, the Court finds, for the same reasons, that the interests of justice do not merit the extreme remedy of default under these circumstances. *See Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.,* 874 F.2d 274, 276 (5th Cir. 1989). ("[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.").

## **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion to strike pursuant to Fed.R.Civ.P. 12(f) (Doc. No. 35) is **DENIED**. Defendants' motion for leave (Doc. No. 39) is **GRANTED**. The live answer in this action shall be Docket No. 30.

**So ORDERED and SIGNED this 23rd day of August, 2019.**

*[signature: John D. Love]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE