**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| QADRIYYAH SABREEN EL'AMIN BNT ABDULLAH BEY, | §<br>§<br>§   Case No.  6:19-CV-00227-JDK-JDL<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |
| Plaintiff, | |
| v. | |
| JOSEPH HOOD, *et al.*, | |
| Defendants. | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff, Qadriyyah Sabreen El'Amin Bnt Abdullah Bey, proceeding *pro se* and *in forma pauperis*, initiated this action against Defendants Joseph Hood, Harold Rapsilver, Mayor C.W. Williams, and the Wells Police Department.  In this action, Plaintiff alleges violations of her Fourteenth Amendment and Fourth Amendment rights arising out of a traffic stop that occurred on March 25, 2019, near Wells, Texas.  Docket No. 10.  Plaintiff also asserts state law tort claims for intentional infliction of emotional distress, false imprisonment, and trespass to property. *Id.*

The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.  On March 30, 2020, Judge Love issued a Report and Recommendation (Docket No. 70, the "Report"), recommending that all federal claims be dismissed with prejudice and that all state law claims be dismissed without prejudice.  The Magistrate Judge further recommended that Plaintiff's motion for summary judgment (Docket No. 58) be denied.  Plaintiff filed objections to the Report.  Docket No. 75.

The Court reviews the objected-to portions of a Report and Recommendation de novo. 28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C § 636(b)(1) (extending the time to file objections from ten to fourteen days).  The Court reviews all unobjected-to portions of the Report and Recommendation only for clear error or abuse of discretion.  *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Applying that standard of review here, the Court concludes that Plaintiff's objections are without merit and that the findings and conclusions of the Magistrate Judge are correct.  Plaintiff's primary objection is that the Magistrate Judge did not consider all of her evidence, including her affidavits, by failing to rule on her motion for leave to amend.  Docket No. 69.  Plaintiff's affidavits elaborate on her constitutional claims and further impute liability to the City of Wells, which was not named as a defendant in Plaintiff's complaint.  *Id*. at Docket Nos. 69-1, 69-2.  In the Report, the Magistrate Judge specifically considered allowing Plaintiff to amend her complaint to add the City of Wells and any theories on a failure to supervise or train, but concluded that any further amendment would be futile because, considering the evidence, there has been no constitutional violation by Defendants.  *See* Docket No. 70 at 6–7, 16 n. 4.  Having considered these arguments and the evidence presented, the Court agrees with the Magistrate Judge and concludes that Plaintiff has failed to establish a constitutional violation and that her federal claims should be dismissed with prejudice.

The Magistrate Judge also recommended declining to exercise pendant jurisdiction over Plaintiff's state law claims and dismissing them without prejudice. Docket No. 70 at 14–15. In her objections, Plaintiff argues that the Court has original jurisdiction over her state law claims under 28 U.S.C. § 1332(a), which provides for jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States" or between "citizens of a State and citizens or subjects of a foreign state." Docket No. 75 at 17. But "[t]he burden of establishing federal jurisdiction rests on the party seeking the federal forum," and Plaintiff has not met that burden here. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (internal quotation marks omitted) ("Failure adequately to allege the basis for diversity jurisdiction mandates dismissal.").

In her complaint, Plaintiff asserts jurisdiction under § 1332 but nowhere alleges the citizenship of any party. Docket No. 10 at 2–3. In her objections, Plaintiff states that Defendants are citizens of Texas and that she is not currently residing, and has "never resided in[,] the State of Texas." Docket No. 75 at 17. That is insufficient to establish diversity jurisdiction. *See, e.g., Howery*, 243 F.3d at 920 (dismissing for lack of jurisdiction when the party invoking federal jurisdiction failed to plead or present evidence of diversity of the parties); *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (holding that a corporation's allegations of states where it does not have its principal place of business is insufficient to affirmatively allege diversity of parties). Elsewhere, Plaintiff claims to be a "De Jure Private American National" and "Sovereign Woman" and thus, presumably, not a citizen of any State or foreign state. Docket Nos. 58 at 1; 69 at 1; 75 at 1, 14; 77 at 1.[1] But "[c]laims that individuals are

---

[1] Plaintiff lists a Kentucky mailing address on her live complaint. *See* Docket No. 10 at 1. But she also repeatedly states that this is a "temporary location," and she does not claim to have a permanent home or habitation elsewhere in Kentucky. *See* Docket Nos. 10 at 1; 35 at 2, 69-2 at 13. Plaintiff has therefore not shown that she is a citizen of Kentucky. *See, e.g., Martinez v. Bynum*, 461 U.S. 321, 331 (1983) ("In general, the domicile of an individual is his

not citizens of the United States and/or the state in which they reside, but rather solely citizens of a sovereign state, have been uniformly rejected by federal courts." *Wells Fargo Bank, N.A. v. Parker*, 2017 WL 2531748, at *2 (E.D. Tex. June 12, 2017) (citing *Sochia v. Federal-Republic's Cent. Gov't*, 2006 WL 3372509, at *5 (W.D. Tex. Nov. 20, 2006); *see also United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993); *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993). Because Plaintiff has not established diversity jurisdiction over her state law claims, the Court agrees with the Magistrate Judge that dismissal of these claims was also proper.

Accordingly, it is **ORDERED** that Plaintiff's objections are **OVERRULED** and that the Magistrate Judge's Report (Docket No. 70) is **ADOPTED** as the opinion of this Court. Defendants' motion for summary judgment is **GRANTED**. Docket No. 57. Plaintiff's federal claims against the Defendants are **DISMISSED WITH PREJUDICE**, and Plaintiff's state law claims against the Defendants are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's motion for summary judgment is **DENIED**. Docket No. 58. All other pending motions are **DENIED AS MOOT**.

So **ORDERED** and **SIGNED** this **5th**　day of **June, 2020.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

---

true, fixed and permanent home and place of habitation."); 13E Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 3611-3612 (3d ed. 2020); *see also Gilbert v. David*, 235 U.S. 561, 569 (1915).